FILED

APR 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARL JOHN NOECKER, | No. 11-55593 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-05922-DMG-SS |
| v. | |
| SOUTHERN CALIFORNIA LUMBER INDUSTRY WELFARE FUND; BROAD OF TRUSTEES FOR THE SOUTHERN CALIFORNIA LUMBER INDUSTRY WELFARE FUND, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted December 7, 2012
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

Carl John Noecker appeals from a judgment of the United States District

Court for the Central District of California in favor of the Southern California

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Lumber Industry Welfare Fund (the "Fund") and the Fund's Board of Trustees (the "Board"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Noecker participated in the Fund's multi-employer self-funded medical indemnity plan (the "Plan"). The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002–1461. Until 2002, the Plan advanced benefits for medical expenses incurred by a participant pending recovery from a third party liable for those expenses. In 2002, the Supreme Court held that the provision of ERISA authorizing plan fiduciaries to bring civil actions to obtain "appropriate equitable relief" does not authorize employee benefit plans to seek reimbursement of advanced medical expenses from beneficiaries who recover damages for those expenses from a third party. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 221 (2002). In light of *Knudson* and the Plan's previous difficulties in recovering such advances, the Board amended the Fund's indemnity plan in 2002. The Board amended the Exclusion for Third Party Injuries provision to read:

> This Plan does not provide benefits where the care required is for injuries or illness to you or your eligible dependents caused through the act or omission of another person, known as a Third Party, and where you are pursuing or you intend to pursue a claim or lawsuit for damages against the Third Party.

2

The indemnity plan was simultaneously amended to remove the Advance Payment of Benefits in Cases of Third Party Liability provision and all language subrogating the Plan to a participant's claims against third parties.

Noecker was injured in a helicopter crash in 2008 and incurred significant medical expenses. After receiving Noecker's medical claims, the Fund sent him a questionnaire asking, "Have you filed or are you planning to file a claim or lawsuit against a third party as a result of the injury/illness?" Noecker checked the box indicating "Yes." The Fund then denied his claims.

Noecker appealed to the Board, arguing that the exclusion requires that a court first adjudicate that a third party legally "caused" the accident before benefits can be denied. The Board disagreed, finding that the exclusion applies whenever the participant pursues or intends to pursue a claim or lawsuit against a potentially culpable third party.

Noecker then filed this suit, alleging that the Board abused its discretion in interpreting the exclusion, that the exclusion as interpreted is unconscionable and violates public policy, and that the Board breached its fiduciary duties in denying Noecker's claims. The district court granted the Fund's motion for summary judgment. We affirm.

1. We review the Board's denial of benefits for abuse of discretion. *Estate of Shockley v. Alyeska Pipeline Servs. Co.*, 130 F.3d 403, 405 (9th Cir. 1997). The district court did not err in finding the Board's reading of the exclusion reasonable. The exclusion applies when the claimant is "pursuing or intend[s] to pursue" a claim against a third party, and thus does not require prior adjudication of that claim before its application. The Board's interpretation is consistent with the purpose of the exclusion, which is to refrain from advancing benefits which might, in light of *Knudson*, not be recoverable.

2. We decline Noecker's invitation to invalidate the exclusion as either unconscionable or violative of public policy. A contract term is typically invalidated only if it is both procedurally and substantively unconscionable. Restatement (Second) of Contracts § 208 (1981). This contract is not procedurally unconscionable. The Plan is not a contract of adhesion. Rather, it is the product of collective bargaining between management and labor, each of which were represented on the Board that adopted the challenged exclusion. In choosing medical coverage, Noecker had a choice between the indemnity plan at issue and two HMO plans, each of which do not have the exclusion. The exclusion, which was adopted years before Noecker became a participant in the Plan, is unambiguous and appears twice in the summary

4

plan description.  *See Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 411 (9th Cir. 1995) (holding that an insurer avoids liability under the "reasonable expectations" doctrine when there is a clear, plain, unambiguous, and conspicuous exclusion); *Saltarelli v. Bob Baker Grp. Med. Trust*, 35 F.3d 382, 386 (9th Cir. 1994).  Moreover, Noecker does not contend that he was unaware of the Board's removal of the Advance Payment provision and the subrogation language.  Regardless of the wisdom of the exclusion, for participants pursuing a claim against a third party, Noecker's attorney conceded at oral argument that it violates no provision of ERISA, and we are not free to amend the Plan to our liking.  *See Peterson*, 48 F.3d at 411 (stating that a court may not mandate the type or scope of coverage under an ERISA plan).

3.  The district court also did not err in holding that the Board did not breach its fiduciary duties by not fully setting out in the questionnaire the consequences of a decision to pursue third party claims.  We assume arguendo that the Board might abuse its fiduciary duties if it denied coverage solely on the basis of a questionnaire answer where a participant was unaware of the exclusion at the time he answered the questionnaire and thereafter timely disavowed claims against a third party in order to obtain the indemnity plan's medical benefits.  But that is not the case here.  Noecker never has claimed, either in his appeal to the Board or in this litigation, that he was

unaware of the consequences of pursuing a third party claim. Nor has he ever sought to abandon his third party claims and withdraw the suit he filed in connection with the helicopter crash, which counsel informed us at oral argument was eventually settled for approximately $4,000,000. Thus, Noecker suffered no damages from the design or use of the questionnaire.

**AFFIRMED.**